Kelly, J.
(concurring in part and dissenting in part). I agree with today’s holding that we should not recognize a cause of action for money damages or other compensatory relief for past violations of the Equal Protection Clause of the Michigan Constitution.[1] I also support much of the supporting rationale.
However, I disagree with the apparent dictum suggesting that a party can pursue equitable relief directly under the constitution where it conflicts with the safe-harbor provision in the Michigan Civil Rights Act (cra).[2] To the extent that the majority holding represents such a proposition, I dissent.
The majority remarks that its holding is not a “demurral to the traditional judicial power to invalidate legislation or other positive governmental action that directly violates the equal protection guarantee of Const 1963, art 1, § 2.” Ante at 788. Of course, I do not take issue with the general proposition that the constitution may offer certain equitable relief when *791 not preempted by a statutory remedial scheme. See Sharp v City of Lansing, 464 Mich 792; 629 NW2d 873 (2001) (Kelly, J., dissenting).
It concerns me, however, that the majority appears to conclude that equitable relief remains available to remedy harms covered by a comprehensive remedial scheme, such as title vil and our own CRA.[3] Moreover, the present case does not require a response from the Court on this question.
Therefore, to the extent the majority casts its holding to sanction claims for equitable relief under the constitution in avoidance of a comprehensive legislative remedial scheme, I dissent. I oppose circuitous measures for pleading around the detailed, clear requirements of the CRA, itself enacted in furtherance of the will of Michigan citizens as evidenced in art 1, §2.

 Const 1963, art 1, § 2.

 MCL 37.2210.

 See Great American Fed S & L Ass’n v Novotny, 442 US 366; 99 S Ct 2345; 60 L Ed 2d 957 (1979), holding a constitutional equal protection claim unavailable to the plaintiff where the cause of action is contemplated under title vn.